USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/13/2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
                                 :
UNITED STATES OF AMERICA         :
                                 :   ORDER PURSUANT TO
            -v-                  :   21 U.S.C. § 853
                                 :
MICHAEL CHU,                     :   07 Cr. 1143 (DC)
  a/k/a "Michael Choi,"          :
  a/k/a "Schuching M. Chu,"      :
  a/k/a "Shu Ching Chu,"         :
  a/k/a "Michael Shuching Chu,"  :
GRACE QUEZON                     :
  a/k/a "Charmaine Dabao,"       :
TROY KING,                       :
ROBIN HUFF,                      :
HSI FENG LI,                     :
  a/k/a "The General,"           :
  a/k/a "Xue Feng Li,"           :
CHI ON WONG,                     :
  a/k/a "Tommy Wong,"            :
MAN WAI CHENG,                   :
  a/k/a "Man Wei Chen,"          :
  a/k/a "Tina Wong,"             :
WING KI LEE,                     :
  a/k/a "Joe,"                   :
DICK ONG,                        :
YEE KHIONG TING,                 :
  a/k/a "Mr. Ding,"              :
  a/k/a "Paul Ding," and         :
SHAOFENG SHI,                    :
  a/k/a "Simon CP,"              :
                                 :
            Defendants.          :
- - - - - - - - - - - - - - - - x

WHEREAS, the Government has moved for an Order authorizing the Government and its agencies to maintain custody of the property described below pending the conclusion of the above-referenced criminal case:

> $7,886.00 in United States currency seized from KT Express on or about December 5, 2007,

   $7,025.00 in money orders seized from KT Express on or about December 5, 2007,

   $10,000.00 in United States currency seized from Wing Ki Lee on or about December 5, 2007, and

   $500.00 money order seized from Wing Ki Lee on or about December 5, 2007.

(collectively, the "Subject Funds");

   WHEREAS, the Subject Funds are already in the lawful custody of the Government;

   WHEREAS, the Government has represented to the Court that it will maintain and preserve the Subject Funds throughout the pending criminal case so that they will be available for forfeiture;

   WHEREAS, the Subject Funds are alleged to be forfeitable to the United States pursuant to 18 U.S.C. §§ 981, 982 and 2320, 21 U.S.C. § 853(p), and 28 U.S.C. 2461;

   WHEREAS, 18 U.S.C. § 981(a)(1)(C) provides that "any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting 'specified unlawfully activity' (as defined in [18 U.S.C. §] 1956(c)(7)), or a conspiracy to commit such offense," shall be subject to civil forfeiture to the United States;

   WHEREAS, 28 U.S.C. § 2461(c) provides that property that is subject to civil forfeiture may also be forfeited as part of a criminal case; and specifically, provides that "[i]f a person is charged in a criminal case with a violation of an Act of Congress

2

for which the civil or criminal forfeiture of property is authorized, the Government may include notice of the forfeiture in the indictment or information pursuant to the Federal Rules of Criminal Procedure," and that "[t]he procedures in section 413 of the Controlled Substances Act (21 U.S.C. 853) apply to all stages of a criminal forfeiture proceeding, except that subsection (d) of such section applies only in cases in which the defendant is convicted of a violation of such Act";

WHEREAS, 18 U.S.C. § 982 provides that "the forfeiture of property under this section, including any seizure and disposition of the property under this section, including any seizure and disposition of the property and any related judicial or administrative proceeding, shall be governed by" 21 U.S.C. § 853, except subsection (d);

WHEREAS, 18 U.S.C. § 2320, provides that "the forfeiture of property under [18 U.S.C. § 2320(b)(3)(A)], including any seizure and disposition of the property and any related judicial or administrative proceeding, shall be governed by the procedures set forth in" 21 U.S.C. § 853 except subsection (d); and

WHEREAS, 21 U.S.C. § 853(e)(1) authorizes the Court to take any action necessary to preserve the availability of property for forfeiture;

IT IS HEREBY ORDERED, that the United States and its agencies, including the Customs and Border Protection and/or the

3

United States Treasury Department, are authorized to maintain and preserve the Subject Funds until the conclusion of the instant criminal case, pending further Order of this Court,

AND IT IS FURTHER ORDERED, that this Order satisfies the requirements described in 18 U.S.C. § 983(a)(3)(B)(ii)(II).

Dated:   New York, New York
         ~~May~~     ~~7~~ 2008
         June 12,

SO ORDERED:

HONORABLE DENNY CHIN
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK